IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 25 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02075-OES

BURTON SANDLES,

    Plaintiff,

v.

THE PEOPLE OF THE STATE OF COLORADO, et al.,
MARK ELLIS,
DETECTIVE ROBERT STEPH,
ARAPAHOE COUNTY,
THE CITY OF AURORA,
FORMER DISTRICT ATTORNEY JAMES J. PETERS,
DEPUTY DISTRICT ATTORNEY TOM JACKSON,
THE ARAPAHOE COUNTY SHERIFF'S OFFICE,
THE ARAPAHOE COUNTY DETENTION CENTER, also known as the Sullivan
    Detention Center,
PROBATION & PAROLE DEPARTMENTS, 18TH JUDICIAL DISTRICT OF ARAPAHOE
    COUNTY,
MARK NOEL, Extradition Officer (State of Colorado), and
BILL OWENS, Governor, as agent for the State of Colorado and personally and
    individually,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Burton Sandles has filed *pro se* a Complaint seeking money damages as relief. The court must construe the Complaint liberally because Mr. Sandles is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, Mr. Sandles will be ordered to file an amended complaint.

The court has reviewed the Complaint and finds that it is deficient and may be dismissed. Merely making vague and conclusory allegations that his rights have been

violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Sandles apparently believes that his constitutional rights have been violated. However, the specific claims he asserts are not obviously related to these alleged violations of his constitutional rights. Instead, Mr. Sandles asserts his claims pursuant to civil rights statutes that either do not relate to the allegations in the Complaint or do not authorize the relief he seeks. For example, he asserts a claim pursuant to 42 U.S.C. § 2000a-6, which relates to the jurisdiction of district courts in cases involving discrimination in places of public accommodation. Mr. Sandles asserts another claim pursuant to 42 U.S.C. § 2000h-2, a statutory provision that authorizes the Attorney General to intervene in equal protection cases that have general public importance. Mr. Sandles asserts three claims pursuant to criminal statutes that he is not authorized to enforce. To the extent Mr. Sandles intends to claim that Defendants somehow have violated his rights under the United States Constitution, his claims properly should be asserted pursuant to 42 U.S.C. § 1983.

Mr. Sandles also fails to provide specific factual support for the claims he is asserting in this action. It is not clear why Mr. Sandles is suing the named Defendants or for what specific conduct he is suing the named Defendants. To the extent Mr. Sandles again may be challenging the validity of his 1998 Colorado state conviction, he is reminded that those claims are barred unless he successfully has invalidated the

theft conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994). It appears from the allegations in the Complaint that Mr. Sandles has not succeeded in his efforts to invalidate that conviction. Mr. Sandles obviously is familiar with the rule in *Heck* because three prior cases he has filed in this court that challenged the theft conviction or a probation violation were dismissed in whole or in part pursuant to *Heck*. *See Sandles v. People of the State of Colorado*, No. 02-cv-01789-WDM-OES (D. Colo. Apr. 28, 2003); *Sandles v. People of the State of Colorado*, No. 03-cv-01564-WDM-OES (D. Colo. Aug. 19, 2003); *Sandles v. People of the State of Colorado*, No. 05-cv-00673-ZLW (D. Colo. June 2, 2005).

Therefore, Mr. Sandles will be ordered to file an amended complaint in which he clarifies the claims he is asserting. To the extent he asserts any claims pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated, Mr. Sandles must clarify how the Defendants personally participated in the alleged constitutional violations. Finally, if Mr. Sandles is challenging his 1998 theft conviction, he must clarify how he has invalidated that conviction. Accordingly, it is

ORDERED that Mr. Sandles file, **within thirty (30) days from the date of this order,** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Sandles, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Sandles fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Motion to Appoint Counsel filed on October 20, 2005, is denied as premature.

DATED at Denver, Colorado, this 25 day of October, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02075-OES

Burton Sandles
846 East 18th Ave.
Denver, CO 80218

I hereby certify that I have mailed a copy of the **ORDER and two copies of Complaint** to the above-named individuals on 10/25/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk